IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. CANATELLA,

    Petitioner,

   v.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-05970 SI

**ORDER DENYING PETITION TO QUASH THIRD PARTY SUMMONSES AND GRANTING MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUMMONSES**

Petitioner's petition to quash third party summonses is currently scheduled for hearing on April 8, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES petitioner's motion and GRANTS respondent's motion to compel compliance with the third party summonses.

**BACKGROUND**

The Internal Revenue Service ("IRS") is investigating petitioner, Richard Canatella, and his wife, Zini Canatella, in order to determine their 2007 federal income tax liability. On December 16, 2010, Revenue Agent Johnson An ("An"), the IRS agent in charge of the investigation, served summonses on Wachovia Bank, Countrywide Home Loans, JP Morgan Chase, and Bank of America, N.A.. An believes that "Countrywide Home Loans and JP Morgan Chase are in possession and control of records, paper and other data regarding income, assets and liabilities and other matters" relevant to

the investigation.[1] An Decl., ¶ 4. An gave notice of the summonses to the Canatellas by first class mail on December 16, 2010. *Id*. at ¶ 5.

Petitioner, an attorney representing himself in these proceedings, alleges, *inter alia*, that the summonses were issued for improper purposes, which constitutes an abuse of process. Pet. to Quash Third Party Summons ("Pet. to Quash"). First, petitioner alleges that "Agent An retaliated [with the summons] when petitioner complained to An's supervisor Agent Oliveras about An exacerbating petitioner's marital difficulties with spouse during the telephone interview." *Id*. at 9. An conducted the telephone interview of petitioner's spouse, Zini Canatella, on November 1, 2010. Pet. to Quash, Ex. B. The interview primarily dealt with issues of Ms. Canatella's role as bookkeeper for Mr. Canatella's business and representation for Ms. Canatella during the investigation. *See id*. Petitioner claims that in the course of the interview, An attempted to pierce marital privileges, including the "adverse spousal testimony" privilege and the "marital communications" privilege. Pet. to Quash, at 10-13.

Petitioner claims that Agent An and Revenue Agent Chang Le Qu ("Chang") engaged in improper behavior throughout the investigation and formed a conspiracy to chill petitioner's exercise of his rights. *See* Pet. to Quash, at 7, 14-21. Specifically, petitioner argues that the issuance of the allegedly retaliatory summonses violate his First Amendment right to express his grievances at the IRS's conduct, his Fifth Amendment due process right to equal protection, and Internal Revenue Code ("IRC") remedies. *See id.* at 14-24.

On December 30, 2010, petitioner filed this motion to quash the summonses, to preliminarily and permanently enjoin the summoned financial institutions from turning over documents, to compel the IRS to provide an affidavit supporting the summonses, and to ask the Court to deny enforcement of the summonses and "retain[] jurisdiction to hear and determine further proceedings." Pet. to Quash, 24.

**LEGAL STANDING**

The Internal Revenue Code authorizes the IRS to issue summonses to third parties to testify and produce records for purposes of ascertaining the correctness of a tax return or determining the tax

---

[1] "Wachovia Bank and Bank of America have provided a response to the summonses issued to them indicating that they could not locate any of the summoned documents." An Decl., at ¶ 4.

2

1 liability of any person. *See* 26 U.S.C.A. §§ 7602 and 7609; *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). District courts have jurisdiction to review petitions to quash a summons and to order its enforcement. *See* 26 U.S.C.A. §§ 7604(a) and 7609(h)(1).

To enforce a summons, the IRS must establish a prima facie case: (1) that there is a legitimate purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Once the government establishes its prima facie case, the party moving to quash the summons carries the burden of disproving the existence of a valid purpose or that enforcement of the summons would be an abuse of the court's process. *Powell*, 379 U.S. at 58.

## DISCUSSION

**I.     The IRS has Established a Prima Facie Case Supporting Enforcement of the Summonses**

Petitioner argues that the IRS has not established a prima facie case to issue the summonses because it did not include an affidavit satisfying the four *Powell* factors with the summonses when they were issued. However, the statute granting the IRS authority to issue summons only requires that a summons be issued for the purposes of "ascertaining the correctness of any return, . . . determining the liability of any person for internal revenue tax . . . or collecting any such liability" and makes no mention of an accompanying affidavit. 26 U.S.C. § 7602. An affidavit is required when the IRS is either seeking enforcement of the summons after a refusal to comply or in order to defeat a motion to quash. *See Powell*, 379 U.S. at 57; *see also Wang v. United States*, 2009 U.S. Dist. LEXIS 104006, *3-*4 (W.D. Wash. Nov. 9, 2009). "The government's burden 'is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.'" *Wang*, 2009 U.S. Dist. LEXIS 104006, at *4 (quoting *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999)).

Here, the IRS has provided a declaration by Agent An showing that the *Powell* factors are satisfied in order to defeat petitioner's motion to quash. *See* An Decl. The declaration establishes that (1) the investigation has the legitimate purpose of ascertaining the Canatella's tax liability, (2) the third party summonses to Wachovia, Countrywide, Chase, and Bank of America were issued to gather

3

material relevant to ascertaining the Canatella's tax liability, (3) that the material sought by the summonses are not already within the possession of the IRS, and (4) that all administrative steps required by the Internal Revenue code were taken.[2] *See id.* Therefore, not only did the IRS properly issue the summonses initially, it has appropriately responded to the instant petition to quash and established a prima facie case for enforcement of the summonses.

## II.     Petitioner Has not Met Burden to Support Quashing the Summonses

As the IRS has established a prima facie case for enforcement of the summonses, the burden shifts to petitioner to "'challenge the summons on any appropriate ground'" such as alleging that the IRS abused the court's process by issuing the summons "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 57 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)). Petitioner alleges that the issuance of summonses was retaliatory and violated petitioner's First and Fifth Amendment rights. However, none of petitioner's allegations support quashing the summonses.

Petitioner's argument regarding the allegedly retaliatory nature of the summonses centers around Agent An allegedly "invading the 'marital communications' privilege and the 'innocent spouse' testimonial privilege" during his interview of petitioner's spouse. Pet. to Quash, at 11. Petitioner argues that Agent An's failure to "furnish spouse with any of the warnings regarding privileged communications between spouses that in good faith he should have given spouse [sic]"and his

---

[2] Petitioner contends that the IRS failed to give him proper notice of the summonses. 26 U.S.C. § 7609(a)(1) requires that in issuing a third party summons, the IRS must provide notice to "any person (other than the person summoned) who is identified in the summons . . . within 3 days of the day on which such service is made." Notice is sufficient if it is hand-delivered as prescribed by 26 U.S.C. 7603 or mailed via certified or registered mail. 26 U.S.C. § 7609(a)(2). Here, Agent An mailed petitioner's copies by first class mail on December 16, 2010, which petitioner received on December 20, 2010, four days after service. An Decl., at ¶ 5. Importantly, "a failure to comply with the administrative requirements of 26 U.S.C. §§ 7603, and 7609(a)(1) does not necessarily bar enforcement of the summons." *Holt v. IRS*, 2007 U.S. Dist. LEXIS 24995, *7 (D. Ariz. Mar. 2, 2007) (citations omitted). "The purpose of 26 U.S.C. 7609 notice requirement is to allow the timely commencement of a proceeding to quash the subject summons." *Id.* (citations omitted). Here, not only did the petitioner receive notice, but he timely filed the petition to quash the summonses. As petitioner was provided with notice, the IRS's failure to strictly comply with administrative requirements by using certified or registered mail does not bar enforcement of the summonses.

4

subsequent issuance of the third party summonses represented an abuse of the court's process. *Id*. at 13. However, "an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court." *United States v. Arthur Young*, 465 U.S. 805, 814 (1984) (citing Fed. Rule. Evid. 401). Instead, the IRS may issue summons for "items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." *Id*. Here, the IRS has demonstrated the relevance of the items sought by the summonses through Agent An's declaration. *See* An. Decl., at ¶¶ 3, 6.

Petitioner claims that his First Amendment rights to express his "grievances with Agent An's and Chang's way of conducting the subject examination" and "assert[] . . . lawful privileges," presumably the marital privileges, were violated by the issuance of the summonses. Petitioner cites to *Mendocino Envtl. Ctr. v. Mendocino County* for the proposition that "[t]o demonstrate a First Amendment violation, petitioner must show that Agents An and Chang attempted to deter or chill petitioner's speech and such deterrence was a substantial or motivating factor in An and Chang's conduct of the subject examination of petitioner's tax liability." Pet. to Quash, at 14 (citing *Mendocino Entl. Ctr. v. Mendocino County*, 192 F.3d 1282, 1300 (9th Cir. 1999)). However, petitioner provides no evidence showing such an intent on the part of either agent. Furthermore, even if petitioner had made a "prima facie showing of arguable first amendment infringement" the government could "show a rational connection between the disclosure required by the summons and a legitimate governmental end, and . . . demonstrate a cogent and compelling governmental interest in the disclosure" in order to enforce the summons. *United States v. Trader's State Bank*, 695 F.2d 1132 (9th Cir. 1983) (citing *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980)). Here, Agent An's declaration shows that the summoned records "are relevant and material to ascertaining the tax liabilities of [petitioner] and [petitioner's spouse], and to collecting the tax liabilities, if any, of [petitioner] and [petitioner's spouse]." An Decl., at ¶ 3. "Specifically, [Agent An] was attempting to ascertain whether monthly statements, checks made payable, endorsed, and deposited items to accounts at [summoned financial institutions] were indicative of unreported taxable income." *Id*. Therefore, not only does petitioner fail to make a prima facie First Amendment infringement argument, but even if he did, his First Amendment argument is foreclosed by the government's demonstration that the summonses were issued for

5

legitimate governmental ends.

Lastly, petitioner claims Agents An and Chang have entered into a conspiracy to "expose, disrupt, misdirect, discredit or otherwise suppress, punish and chill the protected activities of petitioner" by "engag[ing] in selective enforcement of the tax laws and that, consequently, both [agents] violated petitioner's constitutional right to equal protection of the law under the Fifth Amendment."[3] Pet. to Quash, at 17-18. Specifically, petitioner claims that Agents An and Chang are Asian and he is Caucasian, and that the agents' actions "were motivated by petitioner's class based status as a Caucasian in a protected class of Asians." *Id*. at 19. Petitioner offers no evidence for these allegations but claims that he "will identify the Asian small business and self-employed taxpayers treated differently pending discovery." Pet. to Quash, at 20. However, as petitioner has not filed a complaint, no discovery is pending. Therefore, petitioner has not made a prima facie case showing a violation of the Fifth Amendment.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES petitioner's motion to quash third party summonses (Docket No. 1) and GRANTS respondent's motion to compel compliance with summonses (Docket No. 10).

**IT IS SO ORDERED.**

Dated: April 5, 2011

SUSAN ILLSTON
United States District Judge

---

[3] "Although the Fifth Amendment, as applicable to the Federal Government, has no equal protection clause, its due process guarantees incorporate similar principles." *Nationalist Movement v. Commissioner*, 102 Tax Court 558, 594 (1994).

6